IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**KEVIN MICHAEL HUFFMAN**,

        Movant,

v.                                        Case No. 2:21-cv-00129
                                        Criminal Case No. 2:19-cr-00163-1

**UNITED STATES OF AMERICA**,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On February 22, 2021, Movant Kevin Michael Huffman ("Huffman") submitted a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to Title 28, United States Code, Section 2255. (ECF No. 46).[1] Pending before the Court are Huffman's § 2255 motion, as well as Respondent's Response and request for denial. (ECF No. 61). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having determined from a thorough review of the record that Huffman clearly is not entitled to relief under 28 U.S.C. § 2255, and credibility does not play a role in resolving his claims, an evidentiary hearing is unnecessary. *Raines v. United States,* 423 F.2d

---

[1] The citations in this PF&R reference Movant's criminal case: *United States v. Huffman*, No. 2:19-cr-00163-1 (S.D.W. Va. Feb. 2, 2020).

526, 529 (4th Cir. 1970). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DENY** Huffman's § 2255 motion, (ECF No. 46); and **DISMISS** this case, removing it from the docket of the Court.

## I.     Factual and Procedural History

### A.     *Conviction and sentence*

On June 26, 2019, Huffman was indicted by a grand jury in this District on eight counts, alleging violations of federal drug and firearm laws. (ECF No. 1). He was represented by Lex Coleman from the Office of the Federal Public Defender ("defense counsel"). (ECF Nos. 9, 10). On August 28, 2019, Huffman, through defense counsel, filed a motion to continue his trial and all related pretrial deadlines. (ECF No. 23). In a supplement to the motion, Huffman explained that he was severely injured by officers in the course of his arrest, resulting in hospitalization and debilitating pain. (ECF No. 24 at 1–2). Consequently, Huffman had not been able to participate meaningfully in defense counsel's discussions with him about his case, and more time was required to prepare a defense. (*Id.* at 2–3). On September 6, 2019, the Court granted Huffman's motion and rescheduled all relevant deadlines. (ECF No. 25).

Before his scheduled trial, Huffman entered into a plea agreement, promising that he would plead guilty to Count One, possession with intent to distribute methamphetamine in violation of 21 U.S.C § 841(a)(1), and Count Two, possession of a firearm in furtherance of drug trafficking in violation of 21 U.S.C. § 924(c)(1)(A). (ECF No. 32). In exchange, the Government agreed to dismiss the remaining charges. (*Id.* at 2). The plea agreement also included an explanation of the maximum potential penalty Huffman could face on each count—imprisonment for up to 20 years on Count One and a mandatory minimum of 5 years to a maximum of life in prison on Count

Two—but acknowledged that sentencing "is within the sole discretion of the Court." (*Id.* at 2–3, 8).

On November 4, 2019, Huffman appeared before the Court and pled guilty. (ECF No. 30). At his plea hearing, the Court engaged him in a colloquy during which Huffman agreed that he understood the charges against him and all the elements the Government would have been required to prove at trial, affirmed that he understood the terms of the plea agreement, acknowledged his potential sentence range, and confirmed the truth of the stipulation of facts included in his plea agreement. (ECF No. 52 at 10–23). He also stated that he was satisfied with defense counsel, agreed defense counsel represented him fully and fairly, and agreed defense counsel spent a good deal of time developing the case. (*Id.* at 38). The Court found a factual basis for Huffman's guilty pleas and accepted them. The Court directed the Probation Department to prepare a presentence investigation report ("PSR"). (*Id.* at 46).

Huffman filed seventeen objections to the PSR. (ECF No. 41 at 31–40). Huffman withdrew or conceded many of his objections in his sentencing memorandum. (ECF No. 36 at 8–10). He appeared before the Court for his sentencing hearing on February 6, 2020. (ECF No. 37). At the hearing, Huffman confirmed he understood the PSR and considered it accurate, and defense counsel agreed with the Court that the only remaining objection he and Huffman had to the PSR was to the "two offense level bump for a firearm with respect to Count One." (ECF No. 53 at 3–4). The Government agreed with the defense's position, and the Court found the enhancement did not apply. (*Id.* at 6–7). Defense counsel advocated for a sentence of ten years, well within the United States Sentencing Guidelines ("USSG") range for Huffman's offenses, asking the Court to take into account Huffman's limited criminal history and self-destructive drug

3

addiction. (*Id.* at 8–10). The Court noted that while Huffman's conduct in the offense was serious, there was no indication he had used a firearm in connection with his crimes. (*Id.* at 13–14). The Court varied down two levels after considering Huffman's circumstances, giving him a USSG offense level of 19 and criminal history Category V, resulting in a range of 51 to 71 months for Count One. (*Id.* at 15). Ultimately, the Court imposed a sentence of 60 months for Count One to be followed by the mandatory minimum sentence of 60 months for Count Two, as well as 5 years of supervised release. (*Id.*). On February 24, 2020, Huffman filed a notice of appeal, which was withdrawn shortly thereafter. (ECF Nos. 42, 43).

### B. *Motion under § 2255*

#### 1. *Huffman's motion*

On February 22, 2021, Huffman filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 46). He raises three grounds in support of the motion. In Ground One, he contends that he was constructively denied access to counsel because he was unable to meet with defense counsel for two months after he suffered serious injuries when the United States Marshals Service used excessive force in arresting him on July 23, 2019. (*Id.* at 2). In Ground Two, Huffman asserts that defense counsel was ineffective for informing him that he would receive a sentence between 70 and 87 months and appears to deny making a statement acknowledging he could receive 120 months. (*Id.* at 2–3). In Ground Three, Huffman argues that defense counsel was ineffective for failing to object to the sentence imposed on him when the presentence report ("PSR") revealed that he did not actively use a firearm in connection with his drug trafficking conduct and "he played a minor role in the Charleston area." (*Id.* at 3*)*.

### *2. Defense counsel's affidavit*

In response to the Court's order, defense counsel provided an affidavit responding to Huffman's allegations. (ECF No. 56). Therein, defense counsel recounts his history of representing Huffman and addresses each of the grounds Huffman asserts in the motion. (*Id*. at 1–2). As to Ground One, defense counsel agrees that "for at least the first two months of his appointment" Huffman was incapacitated by injuries, and defense counsel was unable to meet with him. (*Id*. at 3). However, once Huffman was well enough to meet, defense counsel states that the two had "sufficient time to review [Huffman's] case discovery and evidence, to discuss his trial and plea options, and to discuss various guideline and sentencing scenarios." (*Id*.). Regarding Ground Two, defense counsel disagrees that the potential sentence ranges were misrepresented, pointing out that the content of the plea agreement and Huffman's testimony under oath at each stage of proceedings confirmed that he knew the possible penalty he faced. (*Id*. at 8–11). As to Ground Three, defense counsel disputes that he "failed to assert as many good faith objections as he could" to the PSR or to factual findings of the Court, noting that many of his objections were later withdrawn during sentencing. (*Id*. at 11–12).

### *3. Respondent's response*

On July 28, 2021, Respondent filed its response, requesting that Huffman's motion be denied. (ECF No. 61). In regard to Ground One, Respondent contends that Huffman was not denied access to counsel because, although defense counsel and Huffman were not able to meet at first, Huffman testified at his plea hearing that he was satisfied with defense counsel's representation and agreed he spent "a good deal of time" developing the case. (*Id*. at 5–6). As to Ground Two, Respondent argues that

5

Huffman was properly advised of his likely sentence and testified to that effect at his plea hearing. (*Id.* at 7–9). Regarding Ground Three, Respondent asserts that defense counsel was not required to make every possible objection to the PSR, Huffman has not identified any nonfrivolous grounds ignored by defense counsel, and defense counsel did present all nonfrivolous objections. (*Id.* at 8). According to Respondent, defense counsel had no basis to object under a theory that Huffman did not actively use a firearm, because the Government was not required to prove active use to secure a conviction under § 924(c). (*Id.* at 8). Huffman testified that he understood the elements of his crimes of conviction and had discussed them with defense counsel; thus, Respondent reasons, Huffman's claim should be dismissed. (*Id.* at 9–10).

On July 30, 2021, the undersigned issued an order allowing Huffman 60 days to file a reply to Respondent's arguments. (ECF No. 62). Huffman did not reply and the deadline has since elapsed.

## II.   **Standard of Review**

A motion made pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction or sentence that was entered in a separate proceeding. To succeed on such a motion, the movant must prove that the conviction or sentence was imposed in violation of the laws or Constitution of the United States; or the court imposing the sentence lacked jurisdiction; or the sentence exceeded the maximum authorized by law; or the sentence was otherwise subject to collateral attack. 28 U.S.C. § 2255. "A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." *Sutton v. United States of America,* No. CRIM.A. 2:02CR65, Civ. A. 2:05CV91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006). Pursuant to the Rules Governing Section 2255 Proceedings for the

United States District Courts ("Rules"), the court should conduct a preliminary review of the motion. *See* Rule 4. The court may then order the respondent to answer the motion and may authorize the parties to conduct discovery; the court may also direct the parties to expand the record as necessary to properly assess the validity of the motion. *See* Rules 5, 6, & 7. Once these steps are completed, the court must review the answer, transcripts, records of prior proceedings, and any other materials submitted to determine whether an evidentiary hearing on the motion is warranted. *See* Rule 8(a).

The decision of whether to conduct an evidentiary hearing is generally left to the sound discretion of the district court, although there are "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *United States v. Wright,* 538 Fed. Appx. 237 (4th Cir. 2013) (quoting *Raines,* 423 F.2d at 530); *also United States v. Velascu,* 429 Fed. Appx. 236, 237 (4th Cir. 2011) (noting that when the issue is one of credibility, the court can rarely resolve the issue on the basis of affidavits alone). This is particularly true when "competing sworn statements offer differing factual allegations that 'relate primarily to purported occurrences outside of the courtroom and upon which the record could, therefore, cast no real light.'" *United States v. Underwood,* No. 20-6782, 2022 WL 186054, at *1, n.2 (4th Cir. Jan. 20, 2022) (quoting *United States v. White,* 366 F.3d 291, 302 (4th Cir. 2004)). Nonetheless, the mere presence of conflicting affidavits does not automatically require an evidentiary hearing. When the motions, files, and records in the case conclusively show that the movant is not entitled to relief, the court may deny the § 2255 motion without an evidentiary hearing. *Raines,* 423 F.2d at 529.

### III.   Discussion

Huffman contends that his conviction should be set aside because defense

7

counsel was ineffective. The Sixth Amendment to the United States Constitution guarantees every criminal defendant "the right to the effective assistance of counsel." *Strickland v. Washington,* 466 U.S. 668, 680 (1984). Under *Strickland,* a criminal defendant can prove ineffective assistance of counsel by meeting the requirements of a two-pronged test. *Id.* at 687. The defendant carries the burden of satisfying both prongs of the test, and "a failure of proof on either prong ends the matter." *United States v. Roane,* 378 F.3d 382, 404 (4th Cir. 1994).

First, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687-88. When evaluating counsel's performance under the first prong of *Strickland,* "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. Thus, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance ... [and] that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted). The inquiry under *Strickland* is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Harrington v. Richter,* 562 U.S. 86, 88 (2011).

Second, the defendant must show that he was actually prejudiced by the ineffective assistance of counsel. *Strickland,* 466 U.S. at 687. To establish actual prejudice from counsel's deficient performance, "[p]etitioner must show that 'counsel made errors so serious that counsel was not functioning as the counsel guaranteed ... by the Sixth Amendment.'" *DeCastro v. Branker,* 642 F.3d 442, 450 (4th Cir. 2011) (citing *Harrington,* 131 S. Ct. at 787)); *see, also, Strickland,* 466 U.S. at 687 (holding

8

that the second prong "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"). It is insufficient for the defendant "to show that the errors had some conceivable effect on the outcome of the proceeding," because "[v]irtually every act or omission of counsel would meet that test." *Strickland,* 466 U.S. at 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In the context of a guilty plea, the movant carries a heavy burden under § 2255. By entering a guilty plea, the criminal defendant "has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). Therefore, a guilty plea "represents a break in the chain of events which has preceded it in the criminal process." *Id.* Statements made during a hearing to accept a guilty plea are afforded a strong presumption of veracity and subsequent attacks that contradict these statements may generally be dismissed as frivolous. *U.S. v. Lemaster,* 403 F.3d 216, 221-222 (4th Cir. 2005). As the Fourth Circuit explained:

> [A] defendant's solemn declarations in open court ... carry a strong presumption of verity ... because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. ... Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.

*Id.* Consequently, a criminal defendant is precluded from raising alleged constitutional

9

deprivations that occurred prior to pleading guilty and "may only attack the voluntary and intelligent character of the guilty plea" by demonstrating that his counsel's performance was inadequate under the Sixth Amendment. *Tollett v. Henderson,* 411 U.S. at 267; *see also Fields v. Attorney General of State of Md.*, 956 F.2d 1290, 1296 (4th Cir. 1992) ("A guilty plea does not bar collateral review of allegations of ineffective assistance of counsel in so far as the alleged ineffectiveness bears on the voluntariness of the guilty plea."). In other words, the movant under § 2255 must not only rebut the presumption that counsel performed within the wide range of reasonable professional competence but must also demonstrate that "there is a reasonable probability that, but for counsel's errors, [movant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). As to prejudice at sentencing, Huffman must show a reasonable probability that he would have received a more lenient sentence if not for errors by counsel. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir.2002).

Significantly, in this case, Huffman does not explicitly challenge the knowing, voluntary nature of his plea, nor does he indicate that, but for the errors of his counsel, he would not have pleaded guilty. At his plea hearing, the Court engaged Huffman in a Rule 11 colloquy in which he affirmed that he understood the ramifications of the plea agreement and fully appreciated the consequences of pleading guilty. Bearing in mind the applicable standards, the undersigned will address each of Huffman's stated grounds for relief in turn.

### 1. *Ground One*

In Ground One, Huffman argues that defense counsel was ineffective because the two were unable to meet to discuss his case for a period due to the severe injuries

10

Huffman sustained during his arrest. (ECF No. 46 at 2). Thus, he contends, he was "constructively" denied access to counsel. (*Id.*). Defense counsel agrees that Huffman was precluded from participating in preparation of his defense for at least two months due to injuries but insists that the two had sufficient time to confer and fully discuss the evidence, plea options, and sentencing scenarios. (ECF No. 56 at 3). Respondent notes that Huffman testified at his plea hearing that he was completely satisfied with the representation he had received, and that defense counsel had spent ample time working on the case. (ECF No. 61 at 5–6).

Huffman's argument in Ground One does not provide a basis for relief. While it is undisputed that Huffman suffered severe injuries before defense counsel's representation began, he was granted a forty-five day continuance of all relevant deadlines so that he and defense counsel could further develop his case. (ECF No. 25). There is no indication in the record nor the instant motion that the difficulties Huffman faced meeting with defense counsel at the beginning of his representation had any effect whatsoever on his eventual decision to plead guilty, and Huffman testified under oath that defense counsel spent "a good deal of time" with him developing the case. (ECF No. 52 at 38). Neither prong of *Strickland* is satisfied by Huffman's allegation; he points to no act of defense counsel that was objectively unreasonable and there is no indication that he was in any way prejudiced by defense counsel's inability to effectively meet with him while he was incapacitated. Thus, the undersigned **FINDS** that Huffman's motion must be denied as to Ground One.

### 2. *Ground Two*

In Ground Two, Huffman asserts that defense counsel informed him he would only receive a sentence between 70 and 87 months when he in fact received a 120-

month sentence for his two crimes. (ECF No. 46 at 2–3). Defense counsel agrees that he discussed possible sentence ranges with Huffman, but denies telling Huffman that his sentence on both counts would total 70 to 87 months in prison. Insofar as defense counsel's supposed prediction of the expected sentence was made before Huffman decided to plead guilty, the undersigned construes this claim as an implicit challenge to the knowing and voluntary nature of Huffman's plea.

A criminal defendant's guilty plea is only constitutionally valid "to the extent it is voluntary and intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998). Therefore, before accepting a guilty plea, a district court must conduct a plea colloquy under Rule 11 of the Federal Rules of Criminal Procedure to determine that the defendant comprehends the nature of the charges to which he is pleading guilty, the maximum possible penalty that he could face, any mandatory minimum penalty for such crime(s), and the rights that he relinquishes by pleading guilty. *Hernandez v. United States*, No. 3:14-CR-82-RJC-8, 2018 WL 3381429, at *6 (W.D.N.C. July 11, 2018) (citing Fed. R. Crim. P. 11(b)(1) and *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991)). In addition, the district court must "ensure that the plea is supported by an independent factual basis and is not the result of force, threats, or promises outside the plea agreement." *Id.* (citing Fed. R. Crim. P. 11(b)(2), (3)). "An appropriately conducted Rule 11 proceeding raises a strong presumption that the defendant's plea is final and binding, and a defendant's solemn declarations in open court affirming a plea agreement carry a strong presumption of verity that presents a formidable barrier in any subsequent collateral proceedings." *United States v. Swinney*, No. 1:13-CR-422 (LMB), 2015 WL 9593651, at *4 (E.D. Va. Dec. 31, 2015) (quoting *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) and *United*

*States v. White*, 366 F.3d 291, 295-96 (4th Cir. 2004)) (internal markings omitted). "Accordingly, a § 2255 movant who accepts a plea agreement 'is bound by the representations he makes under oath during [his] plea colloquy' unless he presents 'clear and convincing evidence' contradicting those representations. *Id.* (quoting *Fields*, 956 F.2d at 1299).

At the plea hearing, the Court engaged Huffman in a careful and thorough Rule 11 colloquy in which he affirmed that he understood the terms and ramifications of the plea agreement and fully appreciated the consequences of pleading guilty. (ECF No. 52). Huffman acknowledged that his sentence on Count One could be as long as twenty years, and his sentence on Count Two would be at least five years and as long as life in prison. (*Id.* at 16-17). Huffman expressly acknowledged that he understood the sentence on Count Two would be added to the sentence on Count One. (*Id.* at 17, 23, 35). He confirmed that defense counsel had guided and advised him on all possible defenses to the charges in Counts One and Two. (*Id.* at 13-14). Huffman told the Court that he had read the plea agreement and understood everything in it. (*Id.* at 14-15).

The Court then reviewed each paragraph of the plea agreement with Huffman, allowing him to ask any questions he had about the agreement. (*Id.* at 15-30). During this process, the Court explained to Huffman how his sentence would be determined, the factors considered under § 3553(a), and the sentencing guidelines. (*Id.* at 27-29). The Court further explained that the sentence imposed could be above or below the advisory guidelines. (*Id.* at 24). After hearing from the Court, Huffman stated that he had no questions about the § 3553(a) factors, or the guidelines, and he approved of the plea agreement. He denied that anyone had intimidated, coerced, pressured, or induced him to plead guilty. (ECF No. 52 at 37-38). He expressed satisfaction with

defense counsel's representation, and affirmed that he was entering the guilty plea voluntarily and with full understanding of the rights he was waiving and the consequences of doing so. (*Id.* at 38-39). Huffman then described what actions he had taken that made him guilty of Counts One and Two. After this, the Court found that Huffman fully understood the ramifications of entering a guilty plea to Counts One and Two and was pleading guilty freely and voluntarily. Noting that the pleas were factually supported, the Court accepted them and convicted Huffman on Counts One and Two of the Indictment. (*Id.* at 45-46). Without question, the Rule 11 colloquy shows, and the undersigned **FINDS**, that Huffman's guilty pleas were voluntary and intelligent. He exhibited no hesitancy in speaking out at the hearing, and had all of his questions and concerns addressed.

Although there is a factual dispute between Huffman and defense counsel regarding their discussions of sentence range, that dispute does not merit an evidentiary hearing. Even assuming that defense counsel's prediction of the sentence range was incorrect, such an error does not render his representation of Huffman constitutionally inadequate. *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995) (holding that there is no possibility of prejudice based on incorrect calculation of a possible sentence when the defendant was properly advised of the maximum sentence he could receive and pled guilty based on that information); *Harper v. United States*, 661 F. Supp. 2d 587, 593 (N.D.W. Va. 2009), *report and recommendation adopted*, No. 3:07-CR-49, 2009 WL 10704750 (N.D.W. Va. Nov. 5, 2009) (holding that such a claim fails as a matter of law). As indicated above, Huffman testified at his plea hearing that he had been given no promise or expectation of leniency, and he understood that the sentence was entirely within the discretion of the Court. *See United States v,*

14

*Morris*, 273 Fed. Appx 291, 292-93 (4th Cir. 2008) ("A defendant's statements at a guilty plea hearing are presumed true. Unsupported subsequent allegations are insufficient to overcome representations at the hearing."); *see also Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). Huffman cannot now claim that defense counsel's mistaken forecast was prejudicial when Huffman fully understood the upper and lower limits of his possible sentence and received a sentence well below the maximum limit.

Under these circumstances, Huffman's claim based on defense counsel's alleged incorrect prediction of his final sentence must fail as a matter of law and the undersigned **FINDS** that Ground Two should be dismissed.

### 3. *Ground Three*

In Ground Three, Huffman claims that defense counsel was ineffective by not objecting to the imposition of his sentence when the PSR revealed that he did not actively employ a firearm and had only limited involvement in the drug trafficking activity for which he was convicted. (ECF No. 46 at 3). Defense counsel disagrees, asserting that he raised all good faith objections to the PSR and the Court's factual findings, and notes that nearly all his objections were ultimately withdrawn. (ECF No. 56 at 11–12). Respondent argues the motion should be dismissed on this basis because defense counsel was not obligated to present every possible objection; Huffman provides no nonfrivolous but unasserted ground for relief; and defense counsel presented all nonfrivolous objections. (ECF No. 61 at 8).

Respondent is correct. To secure a conviction under § 924(c)(1)(A), the Government need not prove that the defendant actively employed a firearm to prove the defendant possessed a gun *in furtherance of* a drug trafficking crime. The provision simply "requires the government to present evidence indicating that the possession of

15

a firearm furthered, advanced, or helped forward a drug trafficking crime." *United States v. Lunsford*, No. 1:18-CR-390, 2021 WL 66606, at *6 (M.D.N.C. Jan. 7, 2021) (citing *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002)). That burden is clearly met through Huffman's admissions under oath and stipulation of facts in conjunction with his plea agreement. The Government need not prove that Huffman actively used the firearm. *Id*. With an eye toward Prong One of the *Strickland* analysis, the undersigned **FINDS** that defense counsel did not perform ineffectively by failing to argue that Huffman's lack of active use of a firearm rendered invalid his conviction for violating § 924(c)(1)(A).

As for Huffman's contention that defense counsel should have argued that Huffman played only a minor role in drug trafficking activity in the area, this claim too must fail. In order to demonstrate prejudice with regard to sentencing in this context, Huffman must show a reasonable probability that he would have received a more lenient sentence if not for errors by counsel. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir.2002). The USSG allows for a downward departure for defendants who play only a minimal or minor role in an offense; however, this portion of the USSG applies only when there are multiple defendants or multiple individuals involved in the offense conduct. *See* U.S.S.G. § 3B1.2 app. note 2. Huffman was the only defendant charged in the underlying criminal matter. To suggest that defense counsel was ineffective for failing to assert such a claim is frivolous because no downward variance based on his role applied and Huffman cannot show any prejudice on these facts. *See Herrera-Barcenas v. United States*, No. 3:02CR94, 2009 WL 1783556, at *4 (W.D.N.C. June 22, 2009); *Garcia Burgos v. United States*, No. 4:16-CR-00579-RBH-2, 2019 WL 1995480, at *6

16

(D.S.C. May 6, 2019). Defense counsel argued that Huffman should get a sentence on Count One that was lower than the 70-87 month USSG range. The Court clearly found defense counsel's argument persuasive, because the Court varied two levels downward when imposing the sentence on Count One. This downward variance subtracted ten to twenty-seven months off of Huffman's USSG sentence on Count One. The sentence on Count Two was set by statute and had to be applied consecutively. As such, the best sentence available to Huffman on Count Two was the sentence he received. Considering the outcome, which was favorable to Huffman, he cannot show a reasonable probability that he would have received a more lenient sentence if defense counsel had argued that Huffman played a minor role in Charleston's drug trafficking activities. Therefore, the undersigned **FINDS** that Huffman is not entitled to relief on Ground Three.

## IV. **Proposal and Recommendations**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Respondent's request for dismissal, (ECF No. 61), **DENY** Huffman's § 2255 motion, (ECF No. 46), and **DISMISS** this case, removing it from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the

17

portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Copenhaver, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Movant, and counsel of record.

**FILED**: February 18, 2022

Cheryl A. Eifert
United States Magistrate Judge